**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

SEP 25 2023

FOR THE NINTH CIRCUIT

ANA VICTORIA ROJAS PORTILLO; et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-2058

Agency Nos.
A209-979-538
A209-979-537

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023**

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Ana Victoria Rojas Portillo and her minor child, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Because petitioners do not contest the BIA's determination that they waived challenge to the IJ's dispositive determinations that they failed to establish past persecution, nexus to a protected ground, or a well-founded fear of future persecution, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). In light of this disposition, we need not reach petitioners' remaining contentions regarding whether the past harm rose to the level of persecution, or whether the proposed particular social groups of "members of the Rojas-Portillo family" and "witnesses to criminal activity in El Salvador" are cognizable. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Thus, petitioners' asylum and withholding of removal claims fail.

Because petitioners do not contest the BIA's determination that they waived challenge to the IJ's denial of CAT protection, we do not address it. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**